**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| ANTOINE LEE, | : | |
| *Plaintiff*, | : | Case No. 1:23-cv-354 |
| vs. | : | Judge Jeffery P. Hopkins |
| HOMETOWN STUDIO'S & SUITES, | : | |
| *Defendant*. | : | |

# ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on the Report and Recommendation issued by Magistrate Judge Karen L. Litkovitz on June 15, 2023. Doc. 4. In that Report and Recommendation, the Magistrate Judge recommends that Plaintiff's Complaint be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff has filed objections. Doc. 6. For the reasons explained below, Plaintiff's objections are **OVERRULED**, and the Magistrate Judge's Report and Recommendation is **ADOPTED**.

## I. STANDARDS OF REVIEW

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* § 636(b)(1).

## II. LAW AND ANALYSIS

The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for "[f]ederal question" jurisdiction, § 1332 for "[d]iversity of citizenship" jurisdiction. A plaintiff, like Lee, properly invokes federal question jurisdiction when she pleads a colorable claim "arising under" the Constitution or laws of the United States. *Bell v. Hood*, 327 U.S. 678, 681–85 (1946). "She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006) (citing 28 U.S.C. § 1332(a)). The Magistrate Judge recommends dismissal of Plaintiff's Complaint for lack of subject matter jurisdiction. Here, Plaintiff does not assert any colorable claims that would invoke federal question jurisdiction, and Plaintiff has failed to show that diversity jurisdiction exists. Rather than address the merits of the Magistrate Judge's findings in her objections, Plaintiff merely seeks to clarify the scope of her claims and affirms that she is asserting negligence claims against Defendant. In doing so, Plaintiff fails to show that the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs," or that the parties in the litigation are citizens of different states. 28 U.S.C. § 1332(a). Thus, she has not established that diversity jurisdiction exists. Rather, Plaintiff's attempts at clarification affirm that the Magistrate Judge correctly determined that subject matter jurisdiction is lacking. *See, e.g.*, Doc. 6, PageID 36 ("Lee also want the Court to know as relief she is seeking $35.000 NOT, 35,000.00."). When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety. *Arbaugh*, 546 U.S. at 514 (citation omitted). Accordingly, the Court hereby

**OVERRULES** Plaintiff's objections, **ADOPTS** the Report and Recommendation, and **DISMISSES** Plaintiff's Complaint with prejudice.

For the reasons stated in the Report and Recommendation and pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal of this Order would lack an arguable basis in law or in fact and thus would not be taken in good faith. The Court accordingly **DENIES** Plaintiff leave to appeal *in forma pauperis*. In accordance with Fed. R. App. P. 24(a)(5), Plaintiff remains free to file a motion for leave to proceed on appeal *in forma pauperis* in the Sixth Circuit Court of Appeals. *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999).

**IT IS SO ORDERED.**

August 6, 2026

Jeffery P. Hopkins
United States District Judge